USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/3/15

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PALMER/KANE LLC, | Case No. 1:15-cv-07406-SAS |
| Plaintiff, | Hon. Shira A. Scheindlin |
| v. | |
| ROSEN BOOK WORKS LLC dba ROSEN PUBLISHING GROUP, INC., | SCHEDULING ORDER |
| Defendant. | |

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

WHEREAS, the Court issued an Order for a Conference in accordance with Fed. R. Civ. P. 16(b) (the "Order"); and

WHEREAS, the Order requires that the parties jointly prepare and sign a proposed Scheduling Order containing certain information;

NOW, THEREFORE, the parties hereby submit the following information as required by the Order:

*(1) The date of the conference and the appearance for the parties:*

The Initial Pretrial Conference is scheduled to take place on Thursday, December 3, 2015, at 4:30 p.m., in Courtroom 15C, United States Courthouse, 500 Pearl Street, New York, NY.

Appearances for the parties will be as follows:

| For plaintiff Palmer/Kane LLC: | For defendant Rosen Book Works LLC dba Rosen Publishing Group, Inc. |
|---|---|
| Veronica Mullally Muñoz (MM-9985) VMunoz@pearlcohen.com | Thomas Kjellberg txk@cll.com |

PEARL COHEN ZEDEK LATZER
BARATZ LLP
1500 Broadway, 12th Floor
New York, NY 10036
Tel: (646)878-0881
Fax: (646)878-0801

Kieran G. Doyle
kgd@cll.com
COWAN, LIEBOWITZ & LATMAN,
P.C.
1133 Avenue of the Americas
New York, NY 10036-6799
(212) 790-9200

*(2) The date by which automatic disclosures will be exchanged:*

Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) will be exchanged by Friday, **December 14, 2015.**

*[handwritten: Date to amend pleadings: January 8, 2016.]*

*(3) A concise statement of the issues as they appear:*

Plaintiff's Statement

This is an action for copyright infringement. Palmer/Kane contends that Rosen published, used and continues to use eighteen specified copyrighted Palmer/Kane photographs in identified Rosen publications, each of which publications was on sale as of the date of filing of this Complaint, and for at least three years prior thereto. Each of such uses has been and continues to be unlicensed or beyond the scope of any license. Under the separate-accrual rule applicable to copyright infringement claims, see, e.g., *Petrella v. MGM*, 134 S. Ct. 1962, 1969 (May 19, 2014) ("Each time an infringing work is reproduced or distributed the infringer commits a new wrong. Each wrong gives rise to a discrete 'claim' that 'accrue[s]' at the time the wrong occurs."); *Keeling v. New Rock Theater Prods., LLC*, 2012 U.S. Dist. LEXIS 169782 at *2 (S.D.N.Y. 2012) ("Under copyright law, each infringing act is a distinct harm giving rise to an independent claim for relief.") (citation omitted), each of Rosen's unlicensed uses of Palmer/Kane's

2

copyrighted photographs within the last three years constitutes a separate act of infringement. Palmer/Kane is seeking recovery of damages for infringements occurring within three years of the filing of the lawsuit. No motions to dismiss or for a more definite statement were made to challenge the sufficiency of Palmer Kane's Complaint. Nevertheless, Palmer Kane has provided Defendant, Rosen, with additional information supporting its claims in the hope that the parties can achieve an amicable and speedy resolution of this matter.

The issues to be decided are the following:

a. Whether Palmer/Kane is the owner of the copyright registrations for the photographs at issue;

b. Whether Rosen's use of Palmer/Kane's photographs in Rosen's publications was licensed?

c. Whether Rosen's use of Palmer/Kane's photographs in Rosen's publications infringed Palmer/Kane's copyrights in and to those photographs;

d. Whether Rosen's infringing conduct was willful.

Defendant's Statement

Plaintiff alleges that Defendant infringed 15 photographs in which Plaintiff claims to own valid registered copyright. The apparent basis of the claim is the inclusion of those photographs in 17 books. While the Complaint suggests that liability relates to the dates on which the licenses were issued as compared to the dates on which Defendant "used" the licensed photographs, discussions between Defendant's counsel and Plaintiff's counsel shed additional light on the nature of Plaintiff's claims.[1] Plaintiff is pursuing

---

[1] At the end of "Plaintiff's Statement," plaintiff's counsel writes "[n]evertheless, Palmer Kane has provided Defendant, Rosen, with additional information supporting its claims in the hope that the parties

four possible theories of liability: (i) that the use of the photographs was wholly unlicensed; or, that to the extent there were licenses (ii) that the licensed print run limits were exceeded - - this notwithstanding that Plaintiff fails to allege any facts as to the number of printings permitted under such licenses or the number of books actually printed, and has not even alleged knowledge or information as to the number of printings permitted under such licenses or number of books actually printed; (iii) that books including the images were printed after the last day permitted under license - - this notwithstanding that Plaintiff failed to alleged any date limitations on printing set forth in any licenses and has not even alleged knowledge or information as to the timing of the printing; and (iv) that electronic versions of books featuring the images were created thus exceeding the scope of the licenses - - this notwithstanding that Plaintiff failed to alleged any media limitations set forth in any licenses and has not even alleged knowledge or information as to the media in which books were created. In essence, Plaintiff has made a series of unsupported allegations pertaining to licenses, most of which are ten to twelve years old, with the intent of forcing Defendant to come up with licensing and production documents to disprove those allegations, and the apparent hope that Defendant no longer has the records that will disprove those allegations, or would sooner pay Plaintiff a nuisance amount than be put to the trouble of searching for long-forgotten licenses and production documents.

The issues to be decided are the following:

---

can achieve an amicable and speedy resolution of this matter." The information to which Plaintiff refers pertains to the nature and basis of Plaintiff's claims. Plaintiff's counsel provided such clarification of its claims in connection with and further to a telephone conference pursuant to FRCP 26(f) which requires the parties to discuss, inter alia, "the nature and basis of their claims and defenses." Plaintiff's effort to characterize its explanations of its claims as being FRE 408 communications does not make them so.

a. Whether Plaintiff had a factual basis for its allegations when commencing this suit or even knowledge or information to support its allegations;

b. Whether Palmer/Kane is the owner of valid copyright registrations for each of the photographs at issue;

c. Whether Rosen's use of the photographs at issue was licensed;

d. Whether Rosen's use of the Palmer/Kane photographs exceeded the scope of the licenses at issue;

e. Whether Rosen's wrongful conduct, to the extent there was any, was willful.

*(4) A schedule including:*

    *(a) The names of persons to be deposed and a schedule of planned depositions:*

Palmer/Kane anticipates deposing Rosen via one or more designees pursuant to Fed. R. Civ. P. 30(b)(6), names to be determined by Rosen once the deposition notice is served.

Rosen: Rosen anticipates deposing Palmer/Kane via one or more designees pursuant to Fed. R. Civ. P. 30(b)(6), names to be determined by Palmer/Kane once the deposition notice is served. Rosen anticipates deposing Gabe Palmer and Patricia Kane.

The parties anticipate conducting depositions toward the end of fact discovery, after production of documents. All fact discovery, including depositions, is to be completed by (~~Plaintiff - August 1, 2016~~) (~~Defendant - July 1, 2016.~~) March 3, 2016.

    *(b) A schedule for the production of documents:*

Initial requests for production of documents and things are to be served no later than **December 18, 2015**. Production of documents may be on a rolling basis.

5

Production of documents will be substantially completed by ~~(Plaintiff – April 22, 2016)~~

(Defendant - **February 19, 2016**).

(c) *Dates by which (i) each expert's reports will be supplied to the adverse side and (ii) each expert's deposition will be completed:*

The parties shall make their expert disclosures by (Plaintiff- **May 20, 2016**) (Defendant -**March 18, 2016**).

Initial expert reports will be supplied by ~~(Plaintiff - **July 22, 2016**)~~ (Defendant - **May 20, 2016**). — May 6

Rebuttal expert reports, if any, will be supplied by ~~(Plaintiff – **September 21, 2016**)~~ (Defendant - **July 21, 2016**). — May 31

Depositions of experts will be completed by ~~(Plaintiff - **October 11, 2016**)~~ (Defendant - **August 11, 2016**). — June 13

(d) *Time when discovery is to be completed:*

All discovery including expert discovery, is to be completed by ~~(Plaintiff - **October 11, 2016**)~~ (Defendant – ~~**August 11, 2016**~~). — June 13

(e) *The date by which plaintiff will supply its pre-trial order matters to the defendant:*

Palmer/Kane will supply its pre-trial order matters to Rosen no later than ~~(Plaintiff – **November 12, 2016**)~~ ~~(Defendant – **September 9, 2016**)~~. — June 27

(f) *The date by which the parties will submit a pre-trial order in a form conforming with the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions for a jury trial:*

6

The parties will submit a pre-trial order form, proposed voir dire questions and proposed jury instructions no later than (Plaintiff – **December 9, 2016**) (Defendant – October 7, 2016).

*July 8*

*(g) A space for the date for a final pre-trial conference pursuant to Fed. R. Civ. P. 16(d), to be filled in by the Court at the conference:*

*April 6 at 4:30*

*(5) A statement of any limitation to be placed on discovery, including any protective or confidentiality order:*

The parties do not anticipate any limitations to be placed on discovery, other than those in the Federal Rules of Civil Procedure and the Local Civil Rules of this Court. The parties anticipate that a protective order will be necessary, and will submit one to the Court for approval.

*(6) A statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach agreement:*

There are no such issues.

7

*(7) Anticipated fields of expert testimony, if any:*

Palmer/Kane expects that expert evidence will be required with respect to the question of actual damages resulting from Rosen's copyright infringement. Expert evidence may also be required with respect to the question of whether Rosen's use of Palmer/Kane's images was subject to a license.

*(8) Anticipated length of trial and whether to court or jury:*

The parties anticipate that the trial of this matter will take 3 days. Trial will be to a jury.

*(9) A statement that the Scheduling Order may be altered or amended only by a showing of good cause not foreseeable at the time of the conference or when justice so requires.*

*(10) Names, addresses, phone numbers and signatures of counsel:*

PEARL COHEN ZEDEK LATZER BARATZ LLP

By: _____
Veronica Mullally Muñoz (MM-9985)
VMunoz@pearlcohen.com
Clyde A. Shuman (CS-6361)
CShuman@pearlcohen.com
1500 Broadway, 12th Floor
New York, NY 10036
Tel: (646)878-0800
Fax: (646)878-0801

*Attorneys for Plaintiff*
*Palmer/Kane LLC*

COWAN, LIEBOWITZ & LATMAN, P.C.

By: _____
Thomas Kjellberg
txk@cll.com
Kieran G. Doyle
kgd@cll.com
1133 Avenue of the Americas
New York, NY 10036-6799
(212) 790-9200

*Attorneys for Defendant*
*Rosen Book Works LLC dba Rosen Publishing Group, Inc.*

8

**SO ORDERED:**

_/s/ Shira A. Scheindlin_
**SHIRA A. SCHEINDLIN**
**U.S.D.J.**

12/3/15