Thomas Kjellberg (txk@cll.com)
Kieran G. Doyle (kgd@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, NY  10036-6799
(212) 790-9200
Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| PALMER/KANE LLC, | : |
| Plaintiff, | : No. 15-cv-7406 (SAS) (JLC) |
| -against- | : **ANSWER OF DEFENDANT ROSEN PUBLISHING GROUP, INC. TO FIRST AMENDED COMPLAINT** |
| ROSEN BOOK WORKS LLC dba ROSEN PUBLISHING GROUP, INC., | : |
| Defendant. | : |

-----------------------------------------------------------x

Defendant Rosen Publishing Group, Inc., sued as Rosen Book Works LLC dba Rosen Publishing Group, Inc., by its attorneys Cowan, Liebowitz & Latman, P.C., for its Answer to the First Amended Complaint filed by plaintiff Palmer/Kane LLC states as follows:

1. Admits that the First Amended Complaint purports to state claims for copyright infringement.  Denies the remaining allegations in paragraph 1.

2. Does not contest this Court's subject matter jurisdiction, as alleged in paragraph 2.

3. Does not contest this Court's personal jurisdiction, as alleged in paragraph 3. Denies the remaining allegations in paragraph 3.

4. Does not contest venue in this Court, as alleged in paragraph 4. Denies the remaining allegations in paragraph 4.

5. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegations in paragraph 5.

6. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegations in paragraph 6.

7. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegations in paragraph 7.

8. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegations in paragraph 8.

9. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegations in paragraph 9.

10. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegations in paragraph 10.

11. Admits the allegations in paragraph 11.

12. Admits the allegations in paragraph 12.

13. Admits the allegations in paragraph 13.

14. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegations in paragraph 14.

15. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegations in paragraph 15.

16. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegations in paragraph 16.

17. Admits that any use made of the referenced photographs was pursuant to valid licenses. Denies the remaining allegations in paragraph 17.

18. Admits that any use made of the referenced photographs was pursuant to valid licenses. Denies the remaining allegations in paragraph 18.

19. Admits that any use made of the referenced photographs was pursuant to valid licenses. Denies the remaining allegations in paragraph 19.

20. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegation that the referenced photograph was "registered" under the registration number indicated. Admits that it is the publisher of the book *Cool Careers Without College For People Who Love To Organize, Manage And Plan*. Admits that its use of the referenced photograph was licensed. Denies the remaining allegations in paragraph 20.

21. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegation that the referenced photograph was "registered" under the registration number indicated. Admits that it is the publisher of the book *Cool Careers Without College For People Who Love Manga, Comics, and Animation*. Admits that its use of the referenced photograph was licensed. Denies the remaining allegations in paragraph 21.

22. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegation that the referenced photograph was "registered" under the registration number indicated. Admits that it is the publisher of the book *Creating a City Park*.

30702/000/1855800.1

Admits that its use of the referenced photograph was licensed. Denies the remaining allegations in paragraph 22.

23. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegation that the referenced photograph was "registered" under the registration number indicated. Admits that it is the publisher of the book *Critical Perspectives on Environmental Protection*. Admits that its use of the referenced photograph was licensed. Denies the remaining allegations in paragraph 23.

24. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegation that the referenced photograph was "registered" under the registration number indicated. Admits that it is the publisher of the book *Extreme Careers Cryptologists*. Admits that its use of the referenced photograph was licensed. Denies the remaining allegations in paragraph 24.

25. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegation that the referenced photograph was "registered" under the registration number indicated. Admits that it is the U.S. distributor of the book *Improving Flexibility*. Denies the remaining allegations in paragraph 25.

26. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegation that the referenced photograph was "registered" under the registration number indicated. Admits that it is the publisher of the book *My World of Science: Levers in My World*. Admits that its use of the referenced photograph was licensed. Denies the remaining allegations in paragraph 26.

27. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegation that the referenced photograph was "registered" under the registration number indicated. Admits that it is the publisher of the book *Liquids in My World*. Admits that its use of the referenced photograph was licensed. Denies the remaining allegations in paragraph 27.

28. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegation that the referenced photograph was "registered" under the registration number indicated. Admits that it is the publisher of the book *Your Government in Action: The Duties and Responsibilities of the Secretary of Education*. Admits that its use of the referenced photograph was licensed. Denies the remaining allegations in paragraph 28.

29. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegation that the referenced photograph was "registered" under the registration number indicated. Admits that it is the publisher of the book *The Shaping and Reshaping of Earth's Surface: Sedimentary Rocks and the Rock Cycle*. Admits that its use of the referenced photograph was licensed. Denies the remaining allegations in paragraph 29.

30. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegation that the referenced photograph was "registered" under the registration number indicated. Admits that it is the publisher of the book *Taking Action: How to Get Your City to Build a Public Skate Park*. Admits that it is the U.S. distributor of the book *Taking Action Against Youth Crime*. Denies the remaining allegations in paragraph 30.

31. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegation that the referenced photograph was "registered" under the registration number indicated. Admits that it is the publisher of the book *The Hoover Dam*.

30702/000/1855800.1

Admits that its use of the referenced photograph was licensed. Denies the remaining allegations in paragraph 31.

32. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegation that the referenced photograph was "registered" under the registration number indicated. Admits that it is the U.S. distributor of the book *Earth and Space: The Sun*. Denies the remaining allegations in paragraph 32.

33. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegation that the referenced photograph was "registered" under the registration number indicated. Admits that it is the publisher of the book *Primary Sources in American History: The Underground Railroad—A Primary Source History of the Journey to Freedom*. Admits that its use of the referenced photograph was licensed. Denies the remaining allegations in paragraph 33.

34. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegation that the referenced photograph was "registered" under the registration number indicated. Admits that it is the publisher of the book *Communities At Work: Who's Who In a School Community*. Admits that its use of the referenced photograph was licensed. Denies the remaining allegations in paragraph 34.

35. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegation that the referenced photograph was "registered" under the registration number indicated. Admits that it is the publisher of the book *Writing to Explain*. Admits that it is the publisher of the book *A Look at Books*. Admits that its use of the referenced photograph was licensed. Denies the remaining allegations in paragraph 35.

30702/000/1855800.1

36. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegation that the referenced photograph was "registered" under the registration number indicated. Admits that it is the publisher of the book *Ghosts and Poltergeists*. Admits that its use of the referenced photograph was licensed. Denies the remaining allegations in paragraph 36.

37. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegation that the referenced photograph was "registered" under the registration number indicated. Admits that it is the publisher of the book *Near and Far at the Beach*. Admits that its use of the referenced photograph was licensed. Denies the remaining allegations in paragraph 37.

38. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegation that the referenced photograph was "registered" under the registration number indicated. Admits that its use of the referenced photograph was licensed. Denies the remaining allegations in paragraph 38.

39. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegation that the referenced photograph was "registered" under the registration number indicated. Admits that its use of the referenced photograph was licensed. Denies the remaining allegations in paragraph 39.

40. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegation that the referenced photograph was "registered" under the registration number indicated. Denies the remaining allegations in paragraph 40.

41. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegation that the referenced photograph was "registered" under the registration number indicated. Denies the remaining allegations in paragraph 41.

### As to Plaintiff's First Claim for Relief (Alleged Copyright Infringement)

42. Repeats paragraphs 1 through 41 of this Answer.

43. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegations in paragraph 43.

44. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegations in paragraph 44.

45. Denies the allegations in paragraph 45.

46. Denies the allegations in paragraph 46.

47. Denies the allegations in paragraph 47.

48. Denies the allegations in paragraph 48.

49. Denies the allegations in paragraph 49.

### As to Plaintiff's Second Claim for Relief (Alleged Contributory Copyright Infringement)

50. Repeats paragraphs 1 through 49 of this Answer.

51. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegations in paragraph 51.

52. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegations in paragraph 52.

53. Denies knowledge or information sufficient to form a belief as to the truth of, and accordingly denies, the allegations in paragraph 53.

54. Denies the allegations in paragraph 54.

55. Denies the allegations in paragraph 55.

56. Denies the allegations in paragraph 56.

57. Denies the allegations in paragraph 57.

58. Denies the allegations in paragraph 58 that it has made "infringing use."

59. Denies the allegations in paragraph 59.

60. The demand for a jury trial contained in paragraph 60 does not require a response.

### As to the Relief Demanded

61. Plaintiff is not entitled to any of the relief demanded.

### Affirmative and Other Defenses

62. The First Amended Complaint is deficient and does not require a response because it was filed without Defendant's written consent or the Court's leave, in violation of Fed. R. Civ. P. 15(a)(2).

63. The First Amended Complaint (and each of its claims) fails to state a claim on which relief can be granted.

64. Plaintiff's claims for copyright infringement are barred, in whole or in part, to the extent that it lacks standing.

65. Plaintiff's claims for copyright infringement are barred, in whole or in part, to the extent that it does not own validly registered copyrights in the photographs at issue.

66. Plaintiff's claims for copyright infringement are barred, in whole or in part, by license and/or implied license.

67. Plaintiff's claims for copyright infringement are barred, in whole or in part, by the consent arising from the course of dealing between the parties to the transactions at issue.

68. Plaintiff's claims for copyright infringement are barred, in whole or in part, by the doctrines of laches, estoppel and/or waiver.

69. Plaintiff's claims for copyright infringement are barred, in whole or in part, under the first sale doctrine, Section 109(a) of the Copyright Act, 17 U.S.C. § 109(a).

70. Plaintiff's claims for copyright infringement are barred, in whole or in part, by the statute of limitations, Section 507(b) of the Copyright Act, 17 U.S.C. § 507(b).

71. Plaintiff is barred, in whole or in part, from the recovery of statutory damages and attorneys' fees under Section 412(1) of the Copyright Act, 17 U.S.C. § 412(1).

72. Plaintiff is barred from the recovery of punitive and/or exemplary damages because such damages are unavailable for claims arising under the Copyright Act.

30702/000/1855800.1

WHEREFORE, Rosen Publishing Group, Inc. demands judgment as follows:

A. Ordering that Plaintiff takes nothing by way of its First Amended Complaint;

B. Dismissing the First Amended Complaint with prejudice;

C. Awarding Rosen Publishing Group, Inc. its costs and attorneys' fees herein; and

D. Granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 26, 2016

       s/ Thomas Kjellberg
Thomas Kjellberg (txk@cll.com)
Kieran G. Doyle (kgd@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799
Phone (212) 790-9200
Fax (212) 575-0671

Attorneys for Defendant
Rosen Publishing Group, Inc.