```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------x
PALMER/KANE LLC,                     :
                                     :
                                     :   15-cv-7406 (JSR)
         Plaintiff,                  :
                                     :       ORDER
         -v-                         :
                                     :
ROSEN BOOK WORKS LLC d/b/a ROSEN     :
PUBLISHING GROUP, INC.               :
                                     :
                                     :
         Defendant.                  :
-------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

On May 27, 2016, this Court issued a Memorandum Order granting the motion of defendant Rosen Book Works LLC d/b/a Rosen Publishing Group, Inc. for a referral to the Copyright Register pursuant to § 411(b)(2) of the Copyright Act regarding Copyright Registration No. VAu 529-623. See Mem. Order dated May 27, 2016, at 14, ECF No. 44. In that Memorandum Order, the Court explained that before issuing its request to the Copyright Register, it would allow both defendant and plaintiff Palmer/Kane LLC to file letters with the Court proposing questions for submission to the Copyright Register in accordance with the Court's Memorandum Order. See id.

In plaintiff's letter dated June 1, 2016, plaintiff stated that, "[i]n order to obviate the need to submit a request to the Register, Palmer/Kane hereby voluntarily agrees to the dismissal, with prejudice, of all copyright infringement claims in this matter, both direct and contributory, related to Palmer/Kane photographs

1

registered under Copyright Registration No. VAu 529-623." Pl.'s Letter dated June 1, 2016, at 1. In particular, plaintiff agreed to the dismissal with prejudice of all copyright infringement claims related to Image Numbers 3, 4, 7, 9, 11, 14, 17, and 19, as identified in plaintiff's First Amended Complaint. Id.; see First Am. Compl. ¶ 16, ECF No. 19. In light of plaintiff's letter, the Court instructed defendant to state its position as to whether the voluntary dismissal of these claims would obviate the need for a referral to the Copyright Register. In response, on June 3, 2016, defendant submitted a letter asking that the Court grant plaintiff's request for dismissal of the relevant claims "only if dismissal is conditioned on an award to [defendant] of its attorneys' fees incurred with respect to those claims." Def.'s Letter dated June 3, 2016, at 3.[1]

The Court has considered the parties' submissions and, in accordance with plaintiff's request, hereby dismisses with prejudice plaintiff's copyright infringement claims based on Image Numbers 3, 4, 7, 9, 11, 14, 17, and 19, all of which are asserted under Registration No. VAu 529-623. The Court also dismisses plaintiff's contributory copyright infringement claim (Count Two) with prejudice, as that claim is based solely on Image Numbers 3 and 19. See First Am. Compl. ¶¶ 50-59. The Court takes this action because there is no legitimate reason to force plaintiff to continue

---

[1] The parties' letter submissions will be docketed with this Order.

litigating copyright infringement claims that it wishes to withdraw with prejudice.

In addition, the Court will refrain at this time from issuing its contemplated request to the Copyright Register, since Registration No. VAu 529-623 is no longer at issue in this action. In the words of the Copyright Register, "17 U.S.C. § 411(b)(2) was amended to ensure that no court holds that a certificate is invalid due to what it considers to be a misstatement on an application without first obtaining the input of the Register." Response of the Register of Copyrights to Request Pursuant to 17 U.S.C. § 411(b)(2) at 10-11, Olem Shoe Corp. v. Wash. Shoe Co., 09 Civ. 23494 (S.D. Fla.), ECF No. 209. Since the validity of Registration No. VAu 529-623 is no longer at issue in this action, the purpose of § 411(b)(2) would not be served by making the previously contemplated referral. Although § 411(b)(2) is mandatory in nature, it does not compel the referral of mooted questions. Defendant does not contend otherwise.[2]

The Court declines, however, to award defendant its costs and fees incurred in bringing its underlying motion. Defendant appears to argue that it will be prejudiced if the Court allows plaintiff to withdraw its claims based on Registration No. VAu 529-623, because defense counsel plans to renew a functionally identical motion that

---

[2] If the validity of Registration No. VAu 529-623 were to somehow once again become relevant to this case, however, the Court may revisit whether to make a referral to the Copyright Register. In such event, the issues decided in the Court's May 27, 2016 Memorandum Order will not be re-litigated.

was denied without prejudice by a different court in this District in a different case against a different (albeit related) defendant. See Order, Palmer Kane LLC v. Gareth Stevens Publishing, 15 Civ. 7404 (S.D.N.Y.), ECF No. 44. Counsel asserts that the renewal of that motion will lead to "additional, duplicative expenses in pursuing the same relief Palmer/Kane seeks to sidestep here." Def.'s Letter dated June 3, 2016, at 2. Given that defense counsel states that it will "certainly" be renewing the motion in the parallel case, id., defendant's theory of prejudice fails on its own terms: the "additional, duplicative expenses" will be incurred in the parallel case regardless of whether this Court permits plaintiff to withdraw the relevant claims. In any case, the Court does not view what defense counsel may or may not do in a different case on behalf of a different party to be a valid consideration in assessing defendant's entitlement to costs and fees. And defendant cites no apposite authority in support of its contention that plaintiff's voluntary dismissal of some but not all of its copyright infringement claims renders defendant a "prevailing party" under § 505 of the Copyright Act, such that defendant might be entitled to a discretionary award of costs and fees. As such, defendant's request for an award of costs and fees is hereby denied.

SO ORDERED.

Dated: New York, NY
June 7, 2016

JED S. RAKOFF, U.S.D.J.

4